IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NORMAN L. AGNEW, | § | |
| TDCJ No. 2172850, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-64-D |
| | § | |
| K. FOLEY, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE TO DISMISS THE COMPLAINT

This is a civil rights action brought by NORMAN L. AGNEW, a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas. Plaintiff has filed an application to proceed *in forma pauperis*. Plaintiff's application to proceed *in forma pauperis* should be denied either because, while incarcerated, plaintiff has filed at least three prior civil actions that were dismissed as frivolous or because plaintiff has failed to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

I.
PETITIONER'S ALLEGATIONS

In support of his complaint, plaintiff presents the following allegations:

1.     TDCJ has violated his rights by tortious interference with his marriage; and

2.     TDCJ has denied him conjugal rights with his wife;

II.

SCREENING

The Prison Litigation Reform Act ("PLRA"), enacted into law on April 26, 1996,

amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among

the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the

"three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in

forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal

court which were dismissed, either by a district court or appellate court, as being frivolous,

malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir.

2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a

dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v.

Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the

prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-

strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint

must present a claim that plaintiff is in danger of imminent serious physical injury to overcome

the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-

strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the

effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to

Court Electronic Records ("PACER") and the Sanction Database reflects that plaintiff has had at

least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as

discussed in the findings below; thus, plaintiff is barred from proceeding *in forma pauperis* as he

requests.

III.
FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1.    A review of PACER reflects that plaintiff had the following prior actions
       dismissed with prejudice as frivolous or for failure to state a claim:

       a.    *Agnew v. City of Fort Worth*, No. 4:17-cv-941 (N.D. Tex.-Fort Worth)
             (dismissed on December 15, 2017 as frivolous – no appeal taken)

       b.    *Agnew v. Social Security Administration*, No. 4:17-cv-940 (N.D. Tex.-Fort
             Worth) (dismissed on December 15, 2017 for failure to state a claim upon
             which relief can be granted – no appeal taken)

       c.    *Agnew v. Mansfield Police Department*, No. 4:17-cv-855 (N.D. Tex.-Fort
             Worth) (dismissed on November 1, 2017 as frivolous – no appeal taken)

2.    Plaintiff has a pending strike at the district court level, which was dismissed as
       frivolous by the court, but is still pending on appeal and is not ripe at this time.
       *See Agnew v. Graham*, No. 4:17-cv-2706 (S.D. Tex.-Houston) (dismissed as
       frivolous on September 28, 2017 – appeal pending). Plaintiff has several other
       pending lawsuits in various district courts as well.

3.    Based on the dismissals identified above, plaintiff is barred by the "three-strike"
       provision of 28 U.S.C. § 1915(g).

4.    Plaintiff does not fall within the narrow exception to 1915(g).

IV.
RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate

Judge to the United States District Judge that the complaint filed by plaintiff NORMAN L.

AGNEW be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). This

dismissal should be without prejudice to plaintiff's right to reopen the case if he pays the

$400.00 filing and administrative fees and files a motion to reopen within thirty days of the date

of final judgment.

V.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 1, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).